**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10255 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00049-RCJ |
| v. | |
| ANTOINE MOUTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Antoine Mouton appeals from the district court's judgment and challenges a

special condition of supervised release imposed following his guilty-plea

conviction for failure to register as a sex offender, in violation of 18 U.S.C.

§ 2250(a).  We have jurisdiction under 28 U.S.C. § 1291, and we vacate in part and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

remand for further proceedings.

Mouton challenges the special condition of supervised release that prohibits him from associating with any minors, including his own daughter, without supervision and prior approval from the probation officer. The government concedes that the portion of the condition relating to Mouton's daughter must be stricken and may not be reimposed upon remand in light of our decision in *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012). We agree and, accordingly, remand for the district court to strike the portion of the condition restricting Mouton's association with his daughter.

Mouton also challenges the condition as it relates to his association with other minors. The  government concedes that this portion of the condition is overbroad and must be vacated. We agree. *See id*. at 1101-02. We vacate and remand for the district court to determine whether that portion of the condition is warranted and, if so, to devise a condition that restricts Mouton's liberty no more than is reasonably necessary to meet the statutory purposes of deterrence, protection of the public, and rehabilitation. *See id.* at 1102.

**VACATED in part and REMANDED for further proceedings consistent with this disposition.**

13-10255